HEATHER A. ANTOINE, Bar No. 246917
heather.antoine@stoel.com
CHLOE M. FISHER, Bar No. 352019
chloe.fisher@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

ELLIOTT J. WILLIAMS (*pro hac vice forthcoming*)
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.294.9496
Facsimile: 503.220.2480

*Attorneys for Plaintiff Naked Whey, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKED WHEY, INC., a Florida corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| NAKED NATIVE LLC, a New Jersey limited liability company; DOES 1 through 10, inclusive | **(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(A));** |
| Defendants. | **(3) MISREPRESENTATION (17 U.S.C. §512(F) (DMCA);** |
| | **(4) TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS; and** |
| | **(5) UNFAIR COMPETITION (CAL. BUS. & PROF. § 17200).** |
| | **<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff NAKED WHEY, INC., a Florida corporation ("Naked Whey" or "Plaintiff"), hereby complains and alleges against Defendant NAKED NATIVE LLC, a New Jersey limited liability company ("Naked Native" or "Defendant") and DOES 1 through 10, inclusive ("Doe Defendants") (the Doe Defendants and Naked Native are collectively referred to herein as "Defendants"), as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), because this action arises under the laws of the United States—namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2.      In the alternative, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because, upon information and belief, Plaintiff and all Defendants are citizens of different states and the amount in controversy exceed $75,000, exclusive of interest and costs.

3.      Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California.  Upon information and belief, Defendants promote, transact, and deliver goods to consumers in California, and this judicial district, including but not limited to the goods that are the subject of this action.

4.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts and/or omissions alleged herein took place in this judicial district.  Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

5.      Divisional Assignment: Pursuant to Civil Local Rule 3-2(c) and 3-5(b) of the United States District Court for the Northern District of California, assignment of this action to the San Francisco Division is proper because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in San Francisco County, which is within the San Francisco Division.

**PARTIES**

6.     Plaintiff Naked Whey, Inc., is a Florida corporation with its principal place of business located at 382 NE 191st Street, #50062, Miami, FL 33179. .  Plaintiff is engaged in the business of, *inter alia*, selling nutritional and dietary supplements and providing informational services in connection with nutrition, diet, health and wellness throughout the United States and internationally.

7.     Upon information and belief, Defendant Naked Native LLC, a New Jersey limited liability company having its principal place of business at 10 Tice Road, Hewitt, New Jersey 07421. Plaintiff is further informed that Defendant is engaged in the advertising and promoting for sale and distribution of nutritional and dietary supplements under the mark "NAKED NATIVE," and/or marks similar thereto.

8.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Upon information and belief, each of the fictitiously named defendants is in some manner responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

**FACTUAL ALLEGATIONS**

**I.     Plaintiff Naked Whey, Inc's "NAKED" Trademark**

9.     Naked Whey, Inc. was founded in 2014, at which time Plaintiff began using the "Naked" mark in interstate commerce in connection with nutritional and dietary supplements and to provide information online relating to nutrition, diet, health and wellness.

10.     In connection with its business, Naked owns a family of "NAKED" formative marks, each of which contain the inherently distinctive term, "NAKED."  All registered trademarks, along with all common law trademark rights, each of which is further described below, are collectively referred to herein as the "Naked Marks."

11.     The Naked Marks have been used in advertising and sales so as to create common exposure to and recognition of by purchasers of the common characteristic as indicating a common origin of the goods.

12.    For example, and without limitation, Naked exclusively owns each of the following valid and subsisting federally registered trademarks with the United States Patent and Trademark Office ("USPTO"):

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NAKED PROTEIN | First used in commerce on October 20, 2014 | Registration No. 4914510<br><br>Registered on March 8, 2016 | 005 – Dietary supplements; food supplements; nutritional supplements; all containing protein; none of the foregoing to be sold in liquid beverage form. |
| 2 | NAKED PEA | First used in commerce on September 29, 2014 | Registration No. 5020266<br><br>Registered on August 16, 2016 | 005 - Dietary and nutritional supplements containing pea; Protein dietary supplements containing pea; Protein supplements containing pea. |
| 3 | NAKED EGG | First used in commerce on April 29, 2016 | Registration No. 5204303<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing egg; Protein dietary supplements containing egg; Protein supplements containing egg. |
| 4 | NAKED GOAT | First used in commerce on September 29, 2014 | Registration No. 5204308<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing goat's milk; Protein dietary supplements containing goat's milk; Protein supplements containing goat's milk. |
| 5 | NAKED RICE | First used in commerce on September 29, 2014 | Registration No. 5204309<br><br>Registered on May 16, 2017 | 005 - Dietary and nutritional supplements containing rice; Protein dietary supplements containing rice; Protein supplements containing rice. |

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 6 | NAKED CASEIN | First used in commerce on September 30, 2014 | Registration No. 5304096<br><br>Registered on October 10, 2017 | 005 - Casein dietary supplements; Protein dietary supplements containing casein; Protein supplements containing casein. |
| 7 | NAKED NUTRITION | First used in commerce on September 30, 2014 | Registration No. 5304095<br><br>Registered on October 10, 2017 | 005 - Dietary and nutritional supplements. |
| 8 | NAKED WHEY | First used in commerce on September 29, 2014 | Registration No. 5304094<br><br>Registered on October 10, 2017 | 005 - Protein dietary supplements containing whey; Protein supplements containing whey; Whey protein supplements. |
| 9 | NAKED PB | First used in commerce on September 20, 2014 | Registration No. 5369917<br><br>Registered on January 2, 2018 | 005 - Powdered nutritional supplement drink mix containing namely, plant-based protein powder; nutritional supplements, namely, high protein powder formulas to be mixed with water; dietary and nutritional supplements, namely, peanut butter powder. |
| 10 | NAKED GLUTAMINE | First used in commerce on January 15, 2017 | Registration No. 5378686<br><br>Registered on January 16, 2018 | 005 - Nutritional supplements consisting primarily of glutamine. |
| 11 | NAKED CREATINE | First used in commerce on January 15, 2015 | Registration No. 5384586<br><br>Registered on January 23, 2018 | 005 - Dietary and nutritional supplements containing creatine; Dietary supplements containing creatine; Nutritional supplements containing creatine; Nutritional drinks containing creatine. |

|    | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|----|-------|----------------|---------------------------------------|-------------------------|
| 12 | NAKED MASS | First used in commerce on April 8, 2015 | Registration No. 5500843<br><br>Registered on June 26, 2018 | 005 - Dietary and nutritional supplements. |
| 13 | NAKED ENERGY | First used in commerce on July 20, 2017 | Registration No. 5533423<br><br>Registered on August 7, 2018 | 005 - Dietary and nutritional supplements. |
| 14 | NAKED BCAAS | First used in commerce on April 30, 2017 | Registration No. 5579321<br><br>Registered on October 9, 2018 | 005 - Dietary and nutritional supplements containing branched chain amino acids. |
| 15 | GET NAKED | First used in commerce on December 1, 2017 | Registration No. 5748747<br><br>Registered on May 14, 2019 | 021 - Water bottles sold empty; Plastic water bottles sold empty; Reusable plastic water bottles sold empty. |
| 16 | NAKED BAR | First used in commerce on April 12, 2019 | Registration No. 5836288<br><br>Registered on August 13, 2019 | 005 - Nutritional and dietary supplements formed and packaged as bars; Protein supplements formed and packaged as bars. |
| 17 | NAKED COLLAGEN | First used in commerce on September 24, 2018 | Registration No. 5849049<br><br>Registered on September 3, 2019 | 005 - Dietary and nutritional supplements, namely, collagen peptide powder. |
| 18 | NAKED | First used in commerce on September 29, 2014 | Registration No. 5900057<br><br>Registered on November 5, 2019 | 005 - Dietary and nutritional supplements. |
| 19 | NAKED ONE TO ONE | First used in commerce on July 2, 2017 | Registration No. 6032168<br><br>Registered on April 14, 2020 | 005 - Protein supplements; Protein dietary supplements; none of the foregoing being protein bars. |

| | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 20 | NAKED GREENS | First used in commerce on May 17, 2020 | Registration No. 6143362<br><br>Registered on September 1, 2020 | 005 - Dietary supplements consisting primarily of green vegetables. |
| 21 | NAKED KETO | First used in commerce March 24, 2020 | Registration No. 6389744<br><br>Registered on June 15, 2021 | 005 - Dietary and nutritional supplements. |
| 22 | NAKED MILK | First used in commerce on December 10, 2019 | Registration No. 6389768<br><br>Registered on June 15, 2021 | 005 - Dietary and nutritional supplements containing milk protein concentrates. |
| 23 | NAKEDADE | First used in commerce May 10, 2021 | Registration No. 6442431<br><br>Registered on August 3, 2021 | 005 - Electrolyte replacement solutions, in powdered form. |
| 24 | NAKED C | First used in commerce on May 24, 2021 | Registration No. 6465264<br><br>Registered on August 24, 2021 | 005 - Powdered nutritional supplement drink mix containing vitamin C; Vitamin and mineral supplements containing vitamin C. |
| 25 | NAKED SEED | First used in commerce on August 19, 2021 | Registration No. 6512289<br><br>Registered on October 5, 2021 | 005 - Dietary and nutritional supplements containing seeds; Protein dietary supplements; Powdered nutritional supplement drink mix containing seeds. |
| 26 | NAKED SHAKE | First used in commerce on May 10, 2021 | Registration No. 6623901<br><br>Registered on January 18, 2022 | 005 - Nutritional supplement shakes. |
| 27 | NAKED COOKIE | First used in commerce on November 16, 2021 | Registration No. 6646807<br><br>Registered on February 15, 2022 | 005 - Dietary supplements in the form of cookies; Nutritional supplements in the form of cookies. |

|  | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 28 | NAKED | First used in commerce on April 19, 2022 | Registration No. 6821531<br><br>Registered on August 16, 2022 | 005 - Liquid nutritional supplement; Liquid protein supplements; Liquid vitamin supplements; Nutritional supplements for boosting energy. |
| 29 | NAKED GUT | First used in commerce on December 21, 2021 | Registration No. 7022684<br><br>Registered on April 11, 2023 | 005 - Dietary and nutritional supplements. |
| 30 | NAKED RECOVERY | First used in commerce on December 14, 2021 | Registration No. 7022685<br><br>Registered on April 11, 2023 | 005 - Dietary and nutritional supplements. |
| 31 | NAKED BAKE | First used in commerce on September 13, 2022 | Registration No. 7405467<br><br>Registered on June 4, 2024 | 005 - Protein supplements. |
| 32 | NAKED BONE BROTH | First used in commerce on August 15, 2021 | Registration No. 7299177<br><br>Registered on February 6, 2024 | 005 - Dietary and nutritional supplements containing powdered beef bones. |
| 33 | NAKED BROWNIE | First used in commerce on February 7, 2023 | Registration No. 7405469<br><br>Registered on June 4, 2024 | 005 - Protein supplements. |
| 34 | NAKED CAKE | First used in commerce on September 13, 2022 | Registration No. 7405468<br><br>Registered on June 4, 2024 | 005 – Protein supplements. |
| 35 | NAKED EAAS | First used in commerce on November 15, 2022 | Registration No. 7405444<br><br>Registered on June 4, 2024 | 005 - Dietary and nutritional supplements. |
| 36 | NAKED FIBER | First used in commerce on August 19, 2021 | Registration No. 7299178<br><br>Registered on February 6, 2024 | 005 - Dietary fiber to aid digestion. |

|    | MARK: | PRIORITY DATE: | REGISTRATION NO. / REGISTRATION DATE: | CLASS - GOODS/SERVICES: |
|----|-------|----------------|---------------------------------------|-------------------------|
| 37 | NAKED OATS | First used in commerce February 20, 2024 | Registration No. 7712220<br><br>Registered on March 4, 2025 | 005 - Dietary and nutritional supplements. |
| 38 | NAKED REDS | First used in commerce January 10, 2023 | Registration No. 7405453<br><br>Registered on June 4, 2024 | 005 - Dietary and nutritional supplements. |

Collectively attached hereto as Exhibit 1 are true and correct copies of registration certificates from the USPTO for each of the foregoing registered marks.

13.    In addition to the federal rights conferred upon Naked by virtue of the foregoing registration certificates, Naked also claims common law rights to each of the foregoing marks due to Naked's uses in commerce of such marks throughout the United States.

14.    Each of the Naked Marks is inherently distinctive. Indeed, Naked has spent substantial time, effort, and money developing and promoting its Naked Marks throughout the world.  Naked advertises and sells its products in connection with the Naked Marks through a variety of e-commerce channels, including but not limited to through its own website, Amazon, and GoSupps.com.

15.    Each of the Naked Marks is valid and subsisting. The registration certificates for the foregoing marks are *prima facie* evidence that Naked exclusively owns each of the marks, and that such marks are valid and legally protectable.

16.    In addition, Naked exclusively owns and has also applied to register the following mark with the USPTO:

/ / /

/ / /

/ / /

/ / /

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT                                    -9-

151332502.2 0084300-00000

| | MARK: | APPLICATION NUMBER: | PRIORITY DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NAKED | 99442214 | First used in commerce on September 8, 2021 | 005 - Vitamin supplements; multivitamin preparations. |
| 2 | NAKED PROTEIN COFFEE | 99442221 | First used in commerce on October 19, 2023 | 005 - Dietary and nutritional supplements. |
| 3 | NAKED ALMOND | 98572920 | First used in commerce on October 26, 2023 | 005 - Dietary and nutritional supplements. |
| 4 | NAKED COFFEE | 98266480 | Application filed on November 12, 2023 | 030 - Coffee; Coffee extracts. |
| 5 | NAKED MARINE COLLAGEN | 99442235 | First used in commerce on December 11, 2024 | 005 - Dietary and nutritional supplements. |
| 6 | NAKED COLOSTRUM | 99442228 | First used in commerce on July 15, 2025 | 005 - Dietary and nutritional supplements. |
| 7 | NAKED LEAN CREATINE | 99478468 | Application filed on November 4, 2025 | 005 - Dietary and nutritional supplements |
| 8 | NAKED GUMMIES | 99478426 | Application filed on November 4, 2025 | 030 – Gummy candies |
| 9 | NAKED SOUR SHARKS | 99478480 | Application filed on November 4, 2025 | 030 – Gummy candies |

These marks are each pending registration before the USPTO.

17.     Since its founding, Plaintiff has continuously and exclusively promoted the Naked Marks in connection with the sale, marketing, and distribution of its dietary supplements, including protein powders and nutritional supplements, among other things.  Naked has used the Naked Marks in connection with, primarily, International Class 005 for protein and nutritional supplements.

18.     Plaintiff is a prominent, international brand, with products available nationwide in all major markets in the United States, the United Kingdom, and Canada. Plaintiff currently holds the following registered trademarks in the European Union: (1) NAKED WHEY; (2) NAKED RICE; (3) NAKED GREENS; (4) NAKED VEGAN MASS; (5) NAKED PEA; (6) NAKED; (7) NAKED COFFEE; (8) NN (and design); (9) NAKED MASS; (10) LESS NAKED; and (11) NAKED NUTRITION. Plaintiff currently holds the following registered trademarks in Mexico: (1) ORGASMIC SUPERFOODS; (2) NAKED WHEY; and (3) NAKED COFFEE. Plaintiff currently

has applied for the following registered trademark in Mexico: (1) NAKED.

19.     Upon information and belief, the Naked Marks have also acquired distinctiveness. Specifically, the public has come to associate the Naked Marks with Naked's high-quality dietary supplements and related goods and services.   Moreover, given Naked's product offerings, consumers have also come to associate the Naked Marks with dietary supplements and related products that are healthy, nutritional, and additive free.

## II.     Defendant Naked Native, LLC's Trademark Applications

20.     Upon information and belief, Naked Native is currently engaged in the sale, marketing and distribution of its dietary supplements, including creatine gummies, through various platforms, including on eBay and Amazon.com at https://www.amazon.com/NAKED-NATIVE-Monohydrate-Gluten-Free-Sugar-Free/dp/B0DHJL5L21.

21.     Naked Native has filed a trademark application with the USPTO, on the basis of intent to use in commerce as follows:

|   | MARK: | APPLICATION NUMBER: | PRIORITY DATE: | CLASS - GOODS/SERVICES: |
|---|---|---|---|---|
| 1 | NAKED NATIVE | 98731242 | Application filed on September 3, 2024 | 005 - Dietary and nutritional supplements for athletes and fitness enthusiasts, specifically in the form of gummies |

22.     The foregoing trademark application is still pending before the USPTO.  On April 1, 2025, "Naked Native Creatine," was published for opposition in the USPTO's Official Gazette. On May 27, 2025, a Notice of Allowance was issued by the USPTO.  On November 13, 2025, Naked Native's Statement of Use was received by the USPTO.

## III.     Defendant's Use of the Naked Marks In Connection with Dietary Supplements Is Likely to Confuse Consumers

23.     Upon information and belief, with full knowledge of the Naked Marks, Defendant intentionally began and are still selling, offering to sell, distributing, and advertising goods and services to customers in and throughout the United States, using the Naked Marks – including Plaintiff's trademark registrations for "NAKED" (Registration Nos. 5,900,057 and 6,821,531) and "NAKED CREATINE" (Registration No. 5,384,586) – and all marks confusingly similar thereto.

As illustrated further below, Defendant's use of the Naked Marks and/or marks confusingly similar thereto includes marketing/advertising on e-commerce platforms, such as Amazon and eBay.

24.     On Amazon.com, Naked Native markets its products under the mark "NAKED NATIVE" and/or marks similar thereto, which fully incorporate the Naked Marks and are confusingly similar.  This confusing use can be seen throughout Naked Native's Amazon.com listing.  Below are true and correct copies of Naked Native's content, as taken from its Amazon.com product listing.



25.     Defendant's use and display of the Naked Marks, and/or marks confusingly similar thereto, in connection with the promotion, distribution and sale of dietary supplements, related nutritional products, and apparel merchandise, is likely to cause consumer confusion.

26.     Upon information and belief, by using the Naked Marks, or marks confusingly similar thereto, in connection with the sale, marketing, and distribution of Defendant's products to consumers, Defendant is trading upon, and intends to trade upon, the highly valuable goodwill that Plaintiff has so meticulously created, built, and protected, and without Plaintiff's consent.

IV.    **Defendant Naked Native Initiates Scheme Targeting Plaintiff's Amazon.com Product Listings Following Receipt of Plaintiff's Cease and Desist Letter**

27.    On October 31, 2025, Defendant was put on notice of their infringements of the Naked Marks, when counsel for Plaintiff sent Defendant a cease-and-desist letter notifying them of same.  A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit 2.

28.    Despite the notice, Defendant continued their course of conduct, including marketplace activity referencing the Naked Marks.  In other words, despite the notice, Defendants continued their infringement willfully and knowingly.

29.    Then, less than a month later, Defendant initiated a total of 70 complaints of trademark policy violation to Amazon.com targeting Plaintiff's product listings.

30.    Defendant's campaign of false and malicious intellectual property complaints to Amazon.com targeting Plaintiff's product listings caused harm to Naked Whey, Inc., including the potential for lost revenue, reputational damage, and disruption of operations.

31.    Upon information and belief, Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

### (Against All Defendants)

32.    Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 31, as though fully set forth herein.

33.    Plaintiff is the exclusive owner of the Naked Marks, and has prior rights to the Naked Marks over Defendants.  The Naked Marks, and Plaintiff's goodwill associated therewith, in the United States and internationally, have become associated in the public mind with products of the highest quality and reputation with Plaintiff as the exclusive source of their origin.

34.    Defendants have used the Naked Marks, or marks confusingly thereto, in connection with the sale, promotion, and distribution of their goods to consumers, without Plaintiff's authorization and/or consent, and with full knowledge of Plaintiff's prior and exclusive rights to

the Naked Marks.

35.    Defendants' unauthorized use of the Naked Marks, or marks confusingly similar thereto, is likely to cause confusion to the general purchasing public.

36.    Upon information and belief, Defendants' use of the Naked Marks in commerce is likely to deceive the public into believing that Defendants' distribution, sales, and promotion of goods are authorized by Plaintiff, when they are not.  Specifically, because Defendants are similarly engaged in the business of selling dietary supplements and related products to consumers using the Naked Marks, or marks confusingly similar thereto, consumers are given the impression that Defendants and their products are associated with Plaintiff, when Defendants are not.  Defendants' use of the Naked Marks, or marks confusingly similar thereto, is likely to confuse and deceive consumers into believing that Naked Native is the same company as Plaintiff, or a related company, when it is not.

37.    Upon information and belief, the Doe Defendant have vicariously and contributorily infringed upon Plaintiff's Naked Marks by inducing Naked Native to use the phrase "Naked Native" in connection with creative gummies, while knowing of Plaintiff's Naked Marks for related goods, and thereby benefiting directly and financially from said activities of Naked Native.

38.    On October 31, 2025, Defendants were put on notice of their infringements of the Naked Marks, when counsel for Plaintiff sent Defendants a cease-and-desist letter notifying them of same.  Despite the notice, Defendants continued their infringement willfully and knowingly, within the meaning of 15 U.S.C. § 1117(a).  As such, Defendants' actions were undertaken intentionally to cause confusion, mistake, or deception.

39.    Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

41.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be proven at trial (including actual damages and profits made by Defendants on the sale of its unauthorized products), in addition to injunctive relief, attorneys' fees, and costs of suit.

**<u>SECOND CAUSE OF ACTION</u>**

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

42.     Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 41, as though fully set forth herein.

43.     Defendants are using the Naked Marks, or marks confusingly similar thereto, without Plaintiff's authorization and/or consent in connection with the distribution, sales, and promotion of Defendants' own dietary supplement and related products in the United States, that are of the same general nature and type as those that Plaintiff has long used in connection with its Naked Marks.

44.     Defendants' unauthorized uses of the Naked Marks, or marks confusingly similar thereto, is likely to cause confusion to the general purchasing public.

45.     By misappropriating and using the Naked Marks, Defendants are misrepresenting and falsely describing to the general public the nature, origin, and source of their products and create a likelihood of confusion by ultimate purchaser as to the source, sponsorship, affiliation, and/or endorsement of such products.  Notably, consumers are likely to be confused and misconstrue that Plaintiff is the source, sponsor, affiliate, and/or endorser of Naked Native's products, when it is not.

46.     Defendants' unlawful and unauthorized distribution, sale, and promotion of its dietary supplements and related products in the United States, in connection with the Naked Marks, or marks confusingly similar thereto, create express and implied misrepresentations that those products are authorized and/or approved for sale by Plaintiff, all for Defendants' profit and Plaintiff's damage and injury.

47.     Upon information and belief, the Doe Defendant have vicariously and contributorily violated Plaintiff's Naked Marks by inducing Naked Native to use the phrase "Naked Native" in connection with creative gummies, while knowing of Plaintiff's Naked Marks for related goods, and thereby benefiting directly and financially from said activities of Naked Native.

48.     Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(a), in that Defendants' use of the Naked Marks, or marks confusingly similar thereto, in connection with the selling, promotion, and distribution of Defendants' goods in interstate commerce, constitutes trademark infringement, a false designation of origin, and unfair competition.

49.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

50.    Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be proven at trial (including actual damages and profits made by Defendants on the sale of its unauthorized products), in addition to injunctive relief, attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION

### (Misrepresentation (17 U.S.C. §512(f)))

### (Against All Defendants)

51.    Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 50, as though fully set forth herein.

52.    Defendant submitted or caused to be submitted 70 total complaints of trademark policy violation — "takedown notices" — to Amazon.com targeting Plaintiff's product listings.

53.    Defendant submitted or caused to be submitted the 70 takedown notices following receipt of Plaintiff's cease-and-desist letter informing Defendant of Plaintiff's after being put on notice of Plaintiff's registered trademarks, including but not limited to, "NAKED" (Registration Nos. 5,900,057 and 6,821,531) and "NAKED CREATINE" (Registration No. 5,384,586).

54.    Amazon.com removed one or more of Plaintiff's listings because Amazon.com received the takedown notices submitted by Defendant.

55.    Defendant's takedown notices caused harm to Plaintiff including but not limited to lost revenue, reputational damage, and disruption of operations.

56.    Upon information and belief, the Doe Defendants are liable for Naked Native's acts including by aiding and abetting and inducing Naked Native to issue false takedown notices against Plaintiff's Amazon.com product listings, while knowing of Plaintiff's Naked Marks for

related goods, and intending to benefit directly and financially from said activities of Naked Native.

57.    As a result, Plaintiff has suffered damages in an amount to be proven at trial and is entitled to compensatory damages, punitive damages (to the extent allowed), and injunctive relief.

**FOURTH CAUSE OF ACTION**

**(Tortious Interference with Business Relationships)**

**(Against All Defendants)**

58.    Plaintiff hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 57, as though fully set forth herein.

59.    Plaintiff maintains ongoing business relationships and economic expectancies with customers nationwide, including in California, via online marketplaces including but not limited to Amazon.com.

60.    Defendants had knowledge of these relationships and expectancies, as evidenced by their targeted trademark complaints/takedown notices to Amazon.com and communications with Plaintiff's counsel acknowledging Plaintiff's marketplace presence.

61.    Defendants intentionally and improperly interfered with those relationships by submitting false and malicious trademark complaints/takedown notices to Amazon.com designed to induce removal of Plaintiff's listings and disrupt sales and customer access.

62.    Amazon.com removed one or more of Plaintiff's listings because Amazon.com received the takedown notices submitted by Defendant

63.    Defendants' interference caused and threatens to cause lost revenue, reputational harm, and operational disruption.

64.    As a result, Plaintiff has suffered damages in an amount to be proven at trial and is entitled to compensatory damages, punitive damages (to the extent allowed), and injunctive relief.

**FIFTH CAUSE OF ACTION**

**(Unfair Competition – California Business & Professions Code § 17200 *et seq.*)**

**(Against All Defendants)**

65.    Plaintiff hereby incorporates and realleges each and every allegation contained in

1  paragraphs 1 through 64, as though fully set forth herein.

2      66.    California Business and Professions Code section 17200, *et seq.* (the "UCL")

3  prohibits unfair competition arising from any unlawful, unfair, or fraudulent business act or

4  practice.

5      67.    Defendants have committed the aforementioned unlawful acts, which constitute

6  unfair competition under the UCL.  These same acts by Defendants are likely to cause injury to

7  Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the

8  UCL.

9      68.    Defendants' actions as alleged above violate the "unfair" prong of the UCL because

10  such actions are (a) immoral, unethical, oppressive, unscrupulous, and substantially injurious to

11  consumers, and (b) constitute a violation of federal law, namely trademark infringement under the

12  Lanham Act.    Without question, Defendants' aforementioned actions constitute acts that

13  significantly threaten or harm competition.

14      69.    Defendants' actions as alleged above violate the "fraudulent" prong of the UCL

15  because they are likely to mislead and confuse a significant percentage of reasonable consumers.

16      70.    Defendants' actions as alleged above violate the "unlawful" prong of the UCL

17  because those same actions also constitute violations of federal law—trademark infringement under

18  the Lanham Act.  Defendants' violation represents an independently actionable unlawful business

19  practice in violation of the UCL.

20      71.    As a direct and proximate result of the aforementioned acts by the Defendants,

21  Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is

22  entitled to restitution and/or disgorgement of profits realized by Defendants by reason of

23  Defendants' unlawful acts.

24      72.    Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause

25  great, immediate, and irreparable injury to Plaintiff.

26      73.    Plaintiff is without an adequate remedy at law.

27      74.    Plaintiff is therefore entitled to injunctive relief, equitable relief, and an order for

28  restitution (disgorgement of all of Defendants' ill-gotten gains).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT                    -18-

1   **PRAYER FOR RELIEF**

2   **WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

3       1.       For an order, pursuant to 15 U.S.C. § 1116 and California Business and Professions

4   Code § 17203, permanently enjoining Defendants, and their officers, agents, employees, attorneys,

5   and all persons in concert or participating with any of them from:

6               a.       Committing any further acts of trademark infringement;

7               b.       Using any term that is likely to be confused with the Naked Marks or

8                        tradename.

9               c.       Representing directly or indirectly in any form or manner whatsoever that

10                       any product is associated with or approved by Plaintiff when, in fact, it is

11                       not;

12              d.       Passing off or inducing or enabling others to sell or pass off any product as

13                       one of Plaintiff's products or as a product that is endorsed or approved by

14                       Plaintiff when, in fact, it is not; and

15              e.       Committing any other act calculated to compete unfairly with Plaintiff, or

16                       cause any confusion with Plaintiff, in any manner.

17      2.       For recovery of Plaintiff's actual damages in an amount to be proven at trial,

18  pursuant to 15 U.S.C. § 1117(a);

19      3.       For the disgorgement of Defendants' profits, pursuant to 15 U.S.C. § 1117(a);

20      4.       For treble the amount of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117(a);

21      5.       For Compensatory and punitive damages (as permitted) for tortious interference.

22      6.       For an award of reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §

23  1117(a);

24      For such other and further relief as the Court deems just and proper.

25                          **DEMAND FOR JURY TRIAL**

26  Plaintiff NAKED WHEY, INC., hereby demands a trial by jury for all issues so triable in this

27  action.

28      / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT                          -19-

151332502.2 0084300-00000

1    DATED: December 15, 2025                    STOEL RIVES LLP

2

3                                                   */s/ Heather A. Antoine*
                                                 Heather A. Antoine, Bar No. 246917
4                                                heather.antoine@stoel.com
                                                 Elliott J. Williams (*pro hac vice forthcoming*)
5                                                elliott.williams@stoel.com
                                                 Chloe M. Fisher, Bar No. 352019
6                                                chloe.fisher@stoel.com

7                                                *Attorneys for Plaintiff Naked Whey, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT                              -20-

151332502.2 0084300-00000